Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action of conversion by Scipio Jackson against William H. Fuller. From a judgment in favor of "plaintiff for possession of the wagon, subject to the lien of $45 due the defendant by the plaintiff," plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH, and GREENBAUM JJ.

L. & I. J. Joseph, for appellant.

James J. MacEvilly, for respondent.

PER CURIAM. The justice in effect found, as we must assume from the judgment rendered, that the parties agreed that the defendant was to have the possession and use of the wagon until he was repaid the sum of $45, which he had advanced, at the request of plaintiff, to take up three promissory notes made by the latter to a third person, and that the plaintiff did not tender repayment of such sum, as claimed by him. Under these circumstances, the defendant, by virtue of such lien, was entitled to retain the possession of the wagon until the amount due was paid, and hence was not guilty of a conversion by refusing to deliver the same to the plaintiff. From this it is clear that there should have been judgment for the defendant, and we would so modify the judgment, without costs, if we have the power to do so in such a case as this. The plaintiff's counsel upon the argument was given the opportunity of obtaining a return of the wagon in controversy upon payment of the amount of the loan, and thus to end the litigation; but he refused to accept such offer, and insisted upon a reversal of judgment.

Judgment reversed, and new trial ordered, but, under the circumstances, without costs.

---

### CARMICHAEL v. JOHN HANCOCK MUT. LIFE INS. CO.

(Supreme Court, Appellate Term. February 27, 1906.)

APPEAL—RIGHT TO ALLEGE ERROR.

Where defendant's motion "to set aside the verdict as contrary to the law and the evidence" was granted by the trial court, and the order entered in accordance therewith, he cannot successfully appeal from the order, and contend that the court should have further directed a verdict in favor of defendant.

Appeal from City Court of New York, Trial Term.

Action by Elizabeth Carmichael against the John Hancock Mutual Life Insurance Company. From an order denying a new trial without costs and an order denying a resettlement of the same, defendant appeals. Affirmed.

See 95 N. Y. Supp. 587.

Argued before SCOTT, P. J., and GIEGERICH, and GREENBAUM, JJ.

Langbein & Langbein, for appellant.

Nathaniel Levy, for respondent.

GREENBAUM, J. The appeal record shows that after the plaintiff had rested, the defendant, having unsuccessfully moved to dismiss the complaint, rested without introducing any proof. Thereupon defendant's counsel renewed his motion to dismiss, and also moved for a direction in favor of defendant, and plaintiff's counsel moved for a direction in favor of plaintiff. Defendant's motions were denied, and plaintiff's motion was granted. Defendant's counsel then moved for a new trial "upon all the grounds specified in section 999 of the Code," and this motion was denied. It appears that, immediately after this disposition of the case, the counsel conferred with the court, and the court agreed to receive briefs and reconsider the matter. The parties are not in accord as to what precise motion or motions the court then undertook to consider, but the record shows that the learned justice before whom the cause was tried rendered an opinion in which he referred to the motion as one "to set aside the verdict as contrary to law and the evidence," that he granted said motion, entered an order in accordance therewith, and denied defendant's subsequent motion seeking to resettle said order. Defendant appeals from the order granting a new trial, contending that the proper practice was to set aside the verdict directed for the plaintiff, and direct a verdict in favor of defendant. So far as the record discloses, defendant's motion was granted, and, under such circumstances, it is difficult to comprehend how he can successfully appeal from an order entered in his favor upon his own motion.

It seems to me fruitless here to consider what course of procedure might or should have been followed by the court below or by the defendant's counsel. It may be suggested that, had the defendant contented himself with his exceptions to the court's rulings upon the motions to dismiss and to direct verdicts, this court might have been in a position, upon an appeal from the judgment, to make a final disposition of the case; but upon the record as presented appellant seems to have obtained all it asked for, and no convincing reason justifying an appeal on its part is apparent.

Order affirmed, with costs and disbursements. All concur.